FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| BONNIE O., | NO: 2:24-CV-101-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff

Bonnie O.[1], ECF No. 9, and Defendant the Commissioner of Social Security (the

"Commissioner"), ECF No. 11.  Plaintiff seeks judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's denial of her claims for Social Security

Income ("SSI") under Title XVI, and Disability Insurance Benefits ("DIB") under

Title II, of the Social Security Act (the "Act").  *See* ECF No. 9 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 1

Having considered the parties' briefs including Plaintiff's reply, ECF No. 15, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants judgment for Plaintiff and remands the matter for further administrative proceedings.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI and DIB on January 18, 2021, alleging onset on April 1, 2019. Administrative Record ("AR")[2] 232–63. Plaintiff was 37 years old on the alleged disability onset date and asserted that she was unable to work due to: a back injury, numbness and sharp pain in her legs and feet, and obesity. AR 284. Plaintiff's claims proceeded to a telephonic hearing before Administrative Law Judge ("ALJ") Deborah Van Vleck on June 22, 2023. AR 36. Plaintiff was present and represented by attorney Timothy Anderson. AR 36–39. The ALJ heard testimony from Plaintiff and from vocational expert ("VE") Mia Heikkila. AR 39–81. At the hearing, Plaintiff added chronic migraines to the conditions that allegedly prevent her from undertaking full-time competitive employment. AR 60–61. ALJ Van Vleck issued an unfavorable decision on August 1, 2023. AR 17–29.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Van Vleck found:

---

[2] The Administrative Record is filed at ECF No. 7.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 2

**Step one:** Plaintiff meets the insured status requirements of the Act through September 30, 2019. AR 19. Plaintiff has not engaged in substantial gainful activity ("SGA") since April 1, 2019, the alleged onset date. AR 19 (citing 20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairments: obesity, aggravating chronic myofascial pain of the lumbar spine, and a mental impairment diagnosed to include depression and anxiety. AR 20 (citing 20 C.F.R. § 404.1520(c) and 416.920 (c)). The ALJ found that Plaintiff further has several nonsevere impairments: residual effects of right carpal tunnel syndrome (status post-repair), migraine headaches, and the residual effects of gallbladder disease (status post-cholecystectomy in February 2023). AR 20. The ALJ memorialized that she considered all of Plaintiff's medically determinable impairments, including those that are not severe when assessing Plaintiff's residual functional capacity. AR 20. The ALJ found that peripheral neuropathy is not medically determinable because Plaintiff's allegations were not supported by medical evidence documenting signs, symptoms, or laboratory findings. AR 20 (citing 20 C.F.R. §§ 404.1529, 404.1508, 416.908, and 416.929).

**Step three:** Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). AR 20. The

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

ALJ memorialized that she considered listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)) and 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), as well as the Social Security Ruling addressing obesity.  AR 21–22.  The ALJ further considered the severity of Plaintiff's mental impairments, singly and in combination, under listings 12.04 and 12.06.  AR 22.  The ALJ found that Plaintiff is moderately limited in: understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing herself.  AR 22.  The ALJ further found that Plaintiff has a mild limitation in her ability to interact with others.  AR 22.  Finding that Plaintiff's impairments do not cause at least two "marked" functional limitations or one "extreme" limitation, the ALJ found that the "paragraph B" criteria were not satisfied.  AR 22.  In addition, the ALJ found that the evidence in Plaintiff's record fails to establish the "paragraph C" criteria, which requires a claimant to have minimal capacity to adapt to changes in their environment or demands not already a part of their daily life.  AR 22.  The ALJ cited to Plaintiff's testimony and an adult function report and concluded that Plaintiff can shop in stores, use public transportation, and take care of her children.  AR 22 (citing AR 291–97).

**Residual Functional Capacity ("RFC"):** The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except "lifting/carrying 20 pounds occasionally and 10 pounds

1  frequently; sitting for 6 hours, standing for 6 hours, walking for 6 hours; and

2  push/pull as much as can lift/carry." AR 23. In addition, Plaintiff

3      [c]an climb ramps and stairs frequently, climb ladders, ropes, or
4      scaffolds occasionally, balance frequently, stoop frequently, kneel
       frequently, crouch frequently, and crawl frequently. The claimant can
5      never work at unprotected heights, moving mechanical parts, or operate
       a motor vehicle as part of the job duties. The claimant is able to follow
6      simple to moderately complex tasks and can perform for two-hour
       segments and complete a [sic] 8 hour workday.

7  AR 23.

8       In formulating Plaintiff's RFC, the ALJ found Plaintiff's "subjective

9  complaints and alleged limitations are not fully persuasive and that she retains the

10  capacity to perform work activities with the limitations as set forth above." AR 27.

11       **Step four:** The ALJ found that Plaintiff is unable to perform any past relevant

12  work as a sales clerk, short order cook, meat clerk, stores laborer, or cashier checker.

13  AR 27 (citing 20 C.F.R. §§ 404.1565 and 416.965).

14       **Step five:** The ALJ found that Plaintiff has a limited education and was 37

15  years old, which is defined as a younger individual (age 18-49), on the alleged

16  disability onset date. AR 28 (citing 20 C.F.R. §§ 404.1563 and 416.963). The ALJ

17  found that transferability of job skills is not an issue because "using the Medical-

18  Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,'

19  whether or not [Plaintiff] has transferable job skills." AR 28 (citing SSR 82-41 and

20  20 C.F.R. Part 404, Subpart P, Appendix 2). Rather, the ALJ found that given

21  Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 5

national economy that Plaintiff can perform.  AR 28–29.  The ALJ recounted that the VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of representative occupations such as: price marker (light, unskilled work with approximately 131,200 jobs nationwide); routing clerk (light, unskilled work with approximately 105,800 jobs nationwide); and office helper (light, unskilled work with approximately 10,400 jobs nationwide).  AR 28–29.

The ALJ concluded that Plaintiff has not been under a disability, as defined in the Act, from April 1, 2019, through the date of the ALJ's decision.  AR 29 (citing (20 CFR 404.1520(g) and 416.920(g)).

Through counsel, Victoria B. Chhagan, Plaintiff sought review of the ALJ's decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 6

scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. §

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

423(d)(1)(A).  The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R §§ 416.920, 404.1520.  Step one determines if they are engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their RFC, age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 9

exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

1.    Did the ALJ err at step two in determining that Plaintiff's migraines are a non-severe impairment?

2.    Did the ALJ err in her treatment of medical source opinions?

### Assessment of Plaintiff's Migraines at Step Two

Plaintiff argues that the ALJ erred in finding her migraines non-severe because substantial evidence does not support the ALJ's finding that Plaintiff's migraines improved with medication, such as Emgality and Aimovig, as well as non-steroidal analgesics.  ECF No. 9 at 5 (citing AR 20).  Plaintiff acknowledges that her medical record shows that Plaintiff reported improvement from Emgality injections starting in May 2021, with continued relief when she was switched to Aimovig in January 2022.  ECF No. 15 at 2 (citing AR 1158–60, 1303–05).  However, Plaintiff asserts, Plaintiff's treatment record indicates that by July 2022 Plaintiff's migraine control had decreased, and she again was taking acetaminophen for pain control.  *Id.* (citing AR 1298, 1301).  By March 2023, Plaintiff asserts that she was having migraines for seven days each month prior to her Aimovig injections.  *Id.* (citing AR 1291).

Plaintiff further argues that the ALJ's error at step two was consequential, because if the ALJ found migraines severe at step two, then Plaintiff's record

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

demonstrated that her migraines were equivalent to the relevant, analogous listing, listing 11.02, epilepsy, at step three.  ECF No. 15 at 3–4.  Plaintiff argues, specifically, that she testified that her migraine medication lost its effectiveness after three weeks, and in "the fourth week before her next injection, she had an average of five bad migraine days." *Id.* at 4.  Plaintiff adds that she testified that on migraine days: her pain came and went; she took Tylenol or ibuprofen; and if those medications do not help, Plaintiff laid down in a dark, quiet room for one to four hours. *Id.* (citing AR 71).

The Commissioner counters that the ALJ reasonably found Plaintiff's migraines non-severe.  ECF No. 11 at 4.  The Commissioner argues that Plaintiff admits that she reported significant improvement, and The ALJ expressly found that Plaintiff's headaches did not cause functional limitations because they improved with medication. AR 20 (citing AR 350, 435, 445, 652, 1204, 1158, and 1294).  Specifically, the ALJ pointed to records from May 2021, wherein Plaintiff told her doctor that she had significant headache improvement with Emgality injections, and she only had "1-2 headaches at the end of the month before her new injection." AR 20 (citing AR 1158). The ALJ also noted a December 2022 record showing Plaintiff reported "significant improvement" in her headaches with Aimovig injections and Namenda daily. AR 20 (citing AR 1294).

At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe." 20 C.F.R. §§ 416.920(a)(4)(ii),

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

404.1520(a)(4)(ii).  A severe impairment is one that "significantly limits" a

claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§

416.920(c), 404.1520(c).  Step two aims to screen out groundless claims.  *See*

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Hoopai v. Astrue*,

499 F.3d 1071, 1076 (9th Cir. 2007) (the step two finding is "merely a threshold

determination" that "only raises a prima facie case of a disability."); *Buck v.*

*Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) ("Step two is merely a threshold

determination meant to screen out weak claims. It is not meant to identify the

impairments that should be considered when determining the RFC." (internal

citations omitted)0.

At step two, the ALJ found that Plaintiff had several severe impairments.  AR

20.  However, the ALJ found migraines to be a medically determinable, but non-

severe impairment, reasoning: "Although the claimant reported having migraine

headaches, the record shows his [sic] headaches improved with medications, most

recently Aimovig and also Emgality, as well as management of use of nonsteroidal

analgesic."  AR 20 (citing AR 435, 445, 652, 1158, 1204, and 1294).  The medical

records cited by the ALJ include: a January 2020 appointment note indicating that

Plaintiff reported her headaches were "much better" after Plaintiff was prescribed

Emgality, *see* AR 435, 444–45; a December 2020 treatment note indicating that

Plaintiff reported a sixty percent improvement in her headaches after starting

Emgality, with relief for 2.5 weeks after the Emgality injection but a return of

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 12

headaches for the week before Plaintiff receives the next dose, *see* AR 652–53; a May 2021 treatment note indicating that Plaintiff reported a "significant" improvement in her headaches, with "1-2 headaches at the end of the month before her next [Emgality] injection and "headache control after a few minutes" by taking a different medication, Maxalt, *see* AR 1158; an October 2021 treatment note indicating that Plaintiff reported "that she continues to have migraines" and requested a prescription for the Aimovig injection, *see* AR 1204; and a December 2022 treatment note that Plaintiff reported a "significant" improvement in her headaches since resuming Aimovig injections and taking a daily medication, Namenda, but that she was still experiencing "headaches 4 to 5 days before her [Aimovig] injection," *see* AR 1294.  This evidence does not show that Plaintiff's headaches do not significantly inhibit Plaintiff's ability to engage in basic work activities.  To the contrary, the evidence cited by the ALJ indicates that Plaintiff continued to report debilitating headaches despite improvement with medication. *See Webb v. Barnhart*, 433 F.3d 683, 686–87 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)) ("An impairment or combination of impairments may be found 'not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'").  Moreover, as argued by Plaintiff, the ALJ did not address a March 2023 treatment record in which Plaintiff reported migraine headaches "7 days each month the week before Aimovig is due."  AR 1291.  The

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

Court finds that the ALJ's characterization of Plaintiff's migraines as non-severe is unsupported by substantial evidence.

Nevertheless, where, as here, the ALJ finds at step two that a claimant has a severe impairment, she proceeds to the next step in the sequential analysis. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Furthermore, an ALJ must consider the limiting effects of all impairments, including those that she found non-severe, when formulating the claimant's RFC. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014). Consequently, an ALJ's step two error may be harmless if the ALJ considered and properly accounted for the symptoms from the non-severe impairment at later steps.

However, here, Plaintiff contends that the ALJ failed to consider whether Plaintiff's migraines were equivalent to listing 11.02, epilepsy at step three, and the ALJ failed to account for the effects of Plaintiff's migraines in the RFC. ECF No. 15 at 3–6. Plaintiff recites evidence in the record of equivalency. *See id.*

Having found Plaintiff's migraines to be non-severe, the ALJ did not discuss migraines at step three. AR 20–23. An ALJ errs in failing to address equivalency of a claimant's migraines with listing 11.02 after finding migraines to be a severe impairment at step two. *See Manor v. Kijakazi*, No. 2:22-cv-666 DB, 2023 U.S. Dist. LEXIS 159338, at *8–9 2023 WL 5836483 (E.D. Cal. Sept. 8, 2023) ("The ALJ's failure to discuss Listing 11.02B at step three constituted clear error.");

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 14

*Kristine W. v. Commissioner*, No. 6:22-cv-358 HZ, 2023 U.S. Dist. LEXIS 155135, 2023 WL 5665601, at *6 (D. Or. Aug. 31, 2023) ("The ALJ erred by failing to discuss whether Plaintiff's migraines met or equaled Listing 11.02B after finding migraines were a severe impairment."). The ALJ reasoned in formulating the RFC that "[t]he light limitation is supported because the consultants note that the claimant has migraines and low back pain," but explained no further how the RFC accounts for Plaintiff's migraine-related limitations. AR 26. The VE testified that any absence beyond once per month is work preclusive, AR 77, and Plaintiff's migraine treatment records and testimony regarding her migraine impairment could support greater absenteeism than one day per month. Given that the ALJ would have had to consider equivalency with listing 11.02 at step three had she found migraines severe at step two, and may have formulated Plaintiff's RFC differently, or reached a different conclusion on the ultimate question of disability, the ALJ's error at step two is not harmless.

Accordingly, the Court finds in favor of Plaintiff on this issue.

### Medical Source Opinions

Plaintiff argues that the ALJ failed to properly assess the medical opinions of Plaintiff's treating sports medicine specialist, Brett DeGooyer, D.O. and evaluating physician's assistant James Ewall, PA-C, Plaintiff's providers who assessed the same limitations. ECF No. 9 at 15–19. Plaintiff also contends that the ALJ erred in her assessment of the state agency psychological consultants' opinions. *Id.* at 19.

1    The Commissioner responds that the ALJ provided substantial evidence to

2    support partially rejecting the opinions of Dr. DeGooyer and Mr. Ewell and properly

3    evaluated the prior administrative findings from the state agency psychological

4    consultants.  ECF No. 11 at 12–19.

5    The Court addresses the ALJ's treatment of the pertinent medical opinions in

6    turn.

7    The regulations that took effect on March 27, 2017, provide a new framework

8    for the ALJ's consideration of medical opinion evidence and require the ALJ to

9    articulate how persuasive she finds all medical opinions in the record, without any

10    hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

11    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

12    2017).  Instead, for each source of a medical opinion, the ALJ must consider several

13    factors, including supportability, consistency, the source's relationship with the

14    claimant, any specialization of the source, and other factors such as the source's

15    familiarity with other evidence in the claim or an understanding of Social Security's

16    disability program.  20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

17    Supportability and consistency are the "most important" factors, and the ALJ

18    must articulate how she considered those factors in determining the persuasiveness

19    of each medical opinion or prior administrative medical finding.  20 C.F.R. §§

20    404.1520c(b)(2); 416.920c(b)(2).  With respect to these two factors, the regulations

21    provide that an opinion is more persuasive in relation to how "relevant the objective

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 16

medical evidence and supporting explanations presented" and how "consistent" with

evidence from other sources the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1);

416.920c(c)(1).  The ALJ may explain how she considered the other factors, but is

not required to do so, except in cases where two or more opinions are equally well-

supported and consistent with the record.  20 C.F.R. §§ 404.1520c(b)(2), (3);

416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's

finding is supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings

of the Commissioner of Social Security as to any fact, if supported by substantial

evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to

provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the

record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

(9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

Circuit] caselaw according special deference to the opinions of treating and

examining physicians on account of their relationship with the claimant."  *Woods v.*

*Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

2022).  The Ninth Circuit continued that the "requirement that ALJs provide

'specific and legitimate reasons' for rejecting a treating or examining doctor's

opinion, which stems from the special weight given to such opinions, is likewise

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 17

incompatible with the revised regulations." *Id*. at \*15 (internal citation omitted). Recently, the Ninth Circuit has further held that the updated regulations comply with both the Social Security Act and the Administrative Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for the "examining relationship" or "specialization factors." *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS 302, at \*7–12 (9th Cir. Jan. 5, 2024).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 235, 251.

### Dr. DeGooyer and PA-C Ewell

Plaintiff argues that the ALJ improperly rejected, in part, Dr. DeGooyer's and Mr. Ewell's opinions for being based on Plaintiff's subjective reports. ECF No. 15 at 7–8. Plaintiff asserts that Dr. DeGooyer instead identified Plaintiff's diagnoses of lumbar radiculopathy and plexopathy with their "corresponding clinical findings of pain and tenderness across the lumbar spine, sacroiliac joints, and iliolumbar ligaments, numbness/tingling into both legs; urinary incontinence; loose stool; decreased range of motion in the lumbar spine; and paraspinal muscle spasms/tightness." ECF No. 15 at 7. Plaintiff asserts that Dr. DeGooyer, as a sports medicine specialist, was better qualified than the ALJ to assess the significance of Plaintiff's negative lumbar and pelvic MRI findings, and Dr. DeGooyer concluded that "she had a more subtle ligamentous issue that could not be readily imaged, but

1  could still cause significant pain and altered function." *Id.* (citing AR 954). Plaintiff

2  argues that based on Dr. DeGooyer's knowledge and training, he could reasonably

3  opine that Plaintiff's spasms and irritation could take 24 to 48 hours to settle down

4  and that, on those occasions, Plaintiff would be absent if she tried to perform full-

5  time light work. *Id.* (citing AR 953–54).

6  The Commissioner responds that, on the February 2021 form, Dr. DeGooyer

7  wrote substantially the same description of Plaintiff's "signs," including relevant

8  clinical findings and test results as he did in the section asking for Plaintiff's

9  symptoms and complaints. ECF No. 11 at 13 (citing AR 953). The Commissioner

10  submits that the ALJ properly considered the providers' reliance on subjective

11  complaints in assessing the supportability of their opinions. *Id.* (citing 20 C.F.R. §§

12  404.1520c(c)(1), 416.920c(c)(1)). The Commissioner adds that Plaintiff did not

13  challenge the treatment of her subjective complaints. The Commissioner further

14  argues that the ALJ reasonably could rely on the modest objective findings identified

15  by the ALJ to find that they were at odds with the opinions that Plaintiff would need

16  to lie down daily and would frequently miss work.

17  Dr. DeGooyer recorded in the notes for an office visit in November 2020 that

18  he "provided a letter that [Plaintiff] may give to her work stating that, due to her

19  medical issues that are ongoing, that she will likely not be able to perform work

20  duties for at least the next 6 months." AR 1002. The ALJ rejected this opinion as

21  unpersuasive "because the finding of disability is an issue reserved for the

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 19

1   Commissioner." AR 26.  In addition, the ALJ noted that Dr. DeGooyer's opinion

2   was limited to a period of fewer than twelve months.  AR 26.

3       Dr. DeGooyer further completed a medical report for Plaintiff on February 8,

4   2021, in which he opined that Plaintiff can perform light work; must lie down for

5   twenty to thirty minutes each day; and would miss, on average, three days per

6   month.  AR 953–54.  The ALJ found that the record is consistent with a limitation to

7   light work but found that the remaining restrictions are "unsupported because Dr.

8   DeGooyer based his findings on subjective reports and no objective exam findings

9   aside from pain/tenderness and decreased range of motion in her lumbar spine and

10  sacroiliac joints." AR 26.  The ALJ also noted that Dr. DeGooyer indicated that

11  Plaintiff's diagnostic imaging of her pelvis and lumbar spine was negative, and the

12  ALJ found nothing in the record to support that Plaintiff will be absent from work.

13  AR 26 (citing AR 953–57).

14      Mr. Ewell completed a physical assessment of Plaintiff in July 2023 and

15  opined to the same limitations as Dr. DeGooyer.  AR 1678–79.  Again, the ALJ

16  found that the light work restriction is consistent with the record, given that

17  Plaintiff's "lumbar spine only had tenderness and reduced range of motion along

18  with one instance of a positive straight-leg raising test, but that the claimant had

19  normal sensations, reflexes, and motor strength." AR 26 (citing AR 393, 425–26,

20  661, 667, and 968).  Moreover, the ALJ again discounted in part the opinion that

21  Plaintiff must lie down twenty to thirty minutes per day and will miss an average of

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 20

three days of work per month.  AR 26.  The ALJ reasoned that Mr. Ewell "based his findings on subjective reports and no objective exam findings aside from pain/tenderness and decreased range of motion in her lumbar spine and sacroiliac joints."  AR 26 (citing AR 1677–79).

Supportability and consistency are the key factors for evaluating a medical opinion's persuasiveness.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ identified substantial evidence in reasoning that Dr. DeGooyer and Mr. Ewell relied primarily on Plaintiff's self-reports, even when prompted to recite probative clinical findings and test results, and the providers did not adequately explain the discrepancy between the severity of the limitations to which they opined and the unremarkable objective testing in Plaintiff's record.  *See* AR 20 (citing AR 953–54, 1678).

Accordingly, the Court finds no error in the ALJ's treatment of Dr. DeGooyer's or Mr. Ewell's medical source opinions.

### State Agency Psychological Consultants

Plaintiff argues that the ALJ's rejection of the opinions of the state agency psychological consultants, and the ALJ's corresponding finding that Plaintiff can spend time with others without difficulty getting along with them, is not supported by substantial evidence.  ECF No. 15 at 8.  Plaintiff argues that the psychological consultants reasonably relied on Plaintiff's claims that she can interact with family and friends, rarely leaves the house except for medical appointments and grocery

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 21

shopping, fears certain people due to her history as a domestic violence survivor, and avoids interaction with people some days due to her physical and mental impairments. *Id.* at 8–9 (citing AR 72–74).

The Commissioner responds that the ALJ reasonably discounted the state agency psychological consultants' opinion that Plaintiff has a moderate limitation in interacting with others on the basis that the opinion was inconsistent with the record. ECF No. 11 at 16 (citing AR 27, 84, 87–88, 93, 96–97, 104–05, 107–09, 113–14, and 116–18). Specifically, the Commissioner submits that the ALJ cited substantial evidence in the form of Plaintiff's function report, in which she reported: spending time with others in person, on the phone, texting, and video chatting; talking to and hanging out with others almost every day; going out independently; and getting along with family, friends, neighbors, and others. *Id.* at 17 (citing AR 290–97). The Commissioner contends that Plaintiff's argument amounts to a request for an alternative evaluation of the record. *Id.*

As the Commissioner argues, the ALJ cited to an adult function report completed by Plaintiff in which she reports that she has no problems getting along with others and talks and hangs out with people "almost every day." AR 27, 294. The Court will not disturb an ALJ's interpretation of the record that rests on substantial evidence even where a different interpretation is possible. *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 22

1    Accordingly, the Court finds no error in the ALJ's evaluation of the state

2  agency psychological consultants' opinions and finds for the Commissioner on the

3  issue of the contested treatment of the medical source opinions.

4      ***Remedy***

5      Having found error at step two, the Court must determine the appropriate

6  remedy.  The Ninth Circuit Court of Appeals has held that "[a] district court may

7  reverse the decision of the Commissioner of Social Security, with or without

8  remanding the cause for a rehearing, but the proper course, except in rare

9  circumstances, is to remand to the agency for additional investigation or

10  explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (quotations

11  omitted). A court should take the exceptional step of remanding for an immediate

12  award of benefits only where:

> (1) The ALJ has failed to provide legally sufficient reasons for rejecting
> . . . evidence [probative of disability], (2) there are no outstanding issues
> that must be resolved before a determination of disability can be made,
> and (3) it is clear from the record that the ALJ would be required to find
> the claimant disabled were such evidence credited.

16  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation

17  omitted).  By contrast, remand is appropriate when additional administrative

18  proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.

19  1989). Even if these requirements are met, the court retains "flexibility" to "remand

20  for further proceedings when the record as a whole creates serious doubt as to

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 23

whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Having completed its review of the record and finding issues left to resolve, and noting that Plaintiff requests remand for further proceedings rather than for an award of benefits, the Court concludes that remand for further proceedings is appropriate. *See* ECF No. 15 at 11. Specifically, the agency shall consider whether it is appropriate to call a medical expert on remand to assist with the medical equivalency determination at step three, as Plaintiff requests. *See* ECF No. 15 at 6.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is flawed at step two, and as a result, possibly at steps three and in the formulation of the RFC. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 9**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 11**, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision.

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER PROCEEDINGS ~ 24

1        4.   Judgment shall be entered for Plaintiff.

2        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

3    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

4    this case.

5        **DATED** October 25, 2024.

6

7                           *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                            Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR FURTHER
PROCEEDINGS ~ 25